24 F.3d 251
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Leon Michael SHIELDS, Defendant-Appellant.
 Nos. 92-10651, 93-10296.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 14, 1994.
Decided May 4, 1994.
 
 Before: SCHROEDER, D.W. NELSON, and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Leon Shields appeals his conviction and sentence for being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(c)(1). We affirm.
 
 I.
 
 3
 On January 22, 1992, a federal grand jury indicted Leon Michael Shields on one count of being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g)(1), and two counts of possession of an unregistered firearm in violation of 26 U.S.C. Sec. 5861(d). On September 28 and 29, 1992, Shields was tried on those charges. On September 29, 1992, at 12:20 p.m., the jury began its deliberations. The judge informed the jurors as they retired that they would probably go until about 5 p.m. that day.
 
 
 4
 At 3:55 p.m., the jury informed the court that it was unable to reach a unanimous verdict. The jurors also indicated that they believed further deliberation would not be useful. At Shields' request, the district court gave a modified Allen charge to the jury, and at 4:14 p.m. the jury again retired to deliberate. At 5:07 p.m., the district court reconvened the jury and queried whether it had made any progress. The jury indicated that it had not and a poll again revealed that no juror believed further deliberation would be helpful. The district court then held a sidebar conference with counsel. After considering counsels' arguments, the judge declared a mistrial, noting that the jury had already deliberated five hours on a very simple case, and that "in the several hundred cases [he'd] tried [he'd] never gotten a more positive negative reaction as to [the jurors'] being able to reconcile their differences."
 
 
 5
 On October 14, 1992, Shields filed a motion to dismiss his second indictment, asserting that the district court had erred in declaring a mistrial at his first trial, and that therefore a second trial would violate his double jeopardy rights. The district court denied the motion on October 26, 1992. This court denied Shields' motion to stay his second trial pending appeal of his double jeopardy claim on February 2, 1993. The double jeopardy appeal was then consolidated with Shields' appeal of the sentence he received following conviction.
 
 II.
 
 6
 Where a mistrial has been declared over defendant's objection after jeopardy has attached, reprosecution is not barred if the trial was terminated because of "manifest necessity." United States v. Goland, 897 F.2d 405, 409 (9th Cir.1990). A classic example of such manifest necessity occurs when the district court finds that the jury is deadlocked. In this case, the district court carefully questioned the jurors to ascertain whether or not additional deliberation would be helpful, before determining that the jury was deadlocked. In addition, the district court consulted with counsel and carefully considered all other options before declaring a mistrial. This case therefore differs significantly from United States v. Bates, 917 F.2d 388 (9th Cir.1990) (mistrial improvidently granted when district court abruptly declared mistrial without polling jurors, listening to parties' arguments, or considering less drastic alternatives), on which defendant relies. The mistrial here was due to manifest necessity.
 
 III.
 
 7
 Shields next challenges his sentence, contending that the district court erred in enhancing his offense level for obstruction of justice, and in denying him a two-level reduction for acceptance of responsibility. These claims lack merit.
 
 
 8
 Under the Sentencing Guidelines, if a defendant attempted to obstruct or impede the administration of justice during the investigation or prosecution of the offense, the base offense level shall be increased by 2 levels. U.S.S.G. Sec. 3C1.1. The district court used section 3C1.1 to enhance Shields' sentence, because it found that defendant had asked a friend, Ed Patterson, to claim ownership of the firearm that defendant was convicted of possessing. Defendant contends that because Patterson refused to make any such statement, justice was not obstructed in any way, and therefore an enhancement under 3C1.1 is improper. Section 3C1.1, however, provides that an enhancement is justified if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice...." (emphasis added). Encouraging a witness to make a materially false statement is certainly "attempting to obstruct or impede the administration of justice," whether or not such attempt actually succeeds. The district court therefore did not err in increasing defendant's offense level.
 
 
 9
 Finally, defendant argues that the district court improperly denied him a two-level reduction for acceptance of responsibility for his crime of conviction, because he refused to admit to uncharged conduct. Informing defendant that he could consult with his attorney and did not have to answer, the district court asked Shields whether he had asked Patterson to claim ownership of the firearms. Shields denied asking Patterson "anything like that." The district court's question, which appears to have required defendant either to admit to obstruction of justice or forego a reduction for acceptance of responsibility, may indeed have been improper. However, the record also reveals that the district court independently concluded that Shields had not sincerely accepted responsibility for his offense of conviction, but had merely parroted the words in hopes of gaining a two-level reduction. The district court did not clearly err in this finding.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3